Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lyndsay Ward; | ) | No. |
| | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| Midland Credit Management, Inc.; | ) | (Jury Trial Demanded) |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### I.  Preliminary Statement

1.   Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA").  Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's fees.

## II.   Statutory Structure of FDCPA

2.   Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3.   The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4.   The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5.   The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6.   The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce

- 2 -

or the mails in any business the principal purpose
of which is the collection  of any debts, or who
regularly collects or attempts to collect, directly
or indirectly, debts owed or due or asserted to be
owed or due to another.  FDCPA § 1692a(6).

7.   Any debt collector who fails to comply with the
provisions of the FDCPA is liable for any actual
damage sustained; statutory damages up to $1,000;
attorney's fees as determined by the Court and costs
of the action. FDCPA § 1692k.

## III.   JURISDICTION

8.   Jurisdiction of this Court, over this action and the
parties herein, arises under 15 U.S.C. § 1692k(d)
(FDCPA), and 28 U.S.C. §§ 1331.  Venue lies in the
Phoenix Division of the District of Arizona as
Plaintiff's claims arose from acts of the Defendant
perpetrated therein.

## IV.   PARTIES

9.   Plaintiff is an individual residing in Maricopa
County, Arizona.

10.  Plaintiff is allegedly obligated to pay a consumer
debt and is a "consumer" as that term is defined by
FDCPA § 1692a(3).

11.  Defendant Midland Credit Management, Inc, ("MCM") is
a Kansas corporation doing business within the state

- 3 -

of Arizona as a collection agency.

12. MCM is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905285.

13. MCM collects or attempts to collect debts owed or asserted to be owed or due another.

14. In the alternative, MCM collects or attempts to collect debts it has purchased or acquired after default.

15. MCM is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### V.   FACTUAL ALLEGATIONS

16. Prior to 2008, Plaintiff incurred a debt with CitiBank for personal, family or household purposes.

17. Sometime later, CitiBank allegedly sold the debt to Midland Funding, LLC.

18. Midland Funding, LLC is a sister company to MCM with common ownership.

19. Midland Funding subsequently hired or assigned the CitiBank debt to MCM for collection purposes.

20. On June 1, 2010, Plaintiff filed chapter 7 bankruptcy and included the CitiBank debt.

21. MCM and Midland Funding were each notified of Plaintiff's bankruptcy by the clerk of the bankruptcy court.

-4-

22. The notice sent to MCM and Midland Funding included notice that Plaintiff was represented by an attorney concerning the CitiBank debt.

23. Upon information and belief, MCM received actual notice from the bankruptcy court that Plaintiff was represented by an attorney concerning the CitiBank account MCM was attempting to collect.

24. Despite having received notice from the bankruptcy court that Plaintiff was represented by counsel, MCM began a campaign of harassing phone calls to Plaintiff to coerce payment of the debt.

25. MCM telephoned Plaintiff on August 9, 2010 at 2:09 p.m. and 3:21 p.m.  These calls went unanswered and no messages were left.

26. MCM called Plaintiff again on August 10, 2010 at 11:07 a.m. and 7:30 p.m.  These call too went unanswered and no messages were left.

27. MCM then called Plaintiff on August 11, 2010 at 8:37 a.m., which Plaintiff answered.

28. During this telephone call, Plaintiff told MCM that she had filed bankruptcy and gave MCM her attorney's name and phone number and asked MCM to stop calling her.

29. However, when Plaintiff was giving the MCM collector her attorney's name and phone number, the collector

purposefully and rudely talked over Plaintiff in order to avoid hearing the information about her legal representation.

30. MCM called Plaintiff again on August 15, 2010 at 11:01 a.m.  This call went unanswered and no message was left.

31. MCM called Plaintiff again on August 16, 2010 at 3:39 p.m. This call went unanswered and no message was left.

32. MCM called Plaintiff on August 17, 2010 at 7:36 p.m. Plaintiff answered this call.

33. During this telephone call, Plaintiff again told the collector that she had filed for bankruptcy and gave MCM her attorney's name and phone number.

34. As before, the collector purposefully talked over Plaintiff as she was giving her attorney's name and phone number.

35. MCM called Plaintiff again on August 24, 2010 at 6:16 p.m.  Plaintiff answered this call.

36. During this call, Plaintiff again told MCM that she had filed for bankruptcy and gave her attorney's name and phone number, and asked MCM to stop calling and harassing her.

37. MCM called Plaintiff again on August 25, 2010 at 1:15 p.m.  This call went unanswered and no message

1      was left.

2   38.  MCM's actions set forth herein were intentional,

3      willful, and in gross or reckless disregard of

4      Plaintiff's rights and part of its persistent and

5      routine practice of debt collection.

6   39.  In the alternative, Defendant's actions were

7      negligent.

8                 **VI.   Causes of Action**

9          **a.   Fair Debt Collection Practices Act**

10  40.  Plaintiff repeats, realleges, and incorporates by

11      reference the foregoing paragraphs.

12  41.  Defendant's violations of the FDCPA include, but are

13      not necessarily limited to, 15 U.S.C. §§

14      1692c(a)(2), 1692d, and 1692d(5).

15               **VII.   DEMAND FOR JURY TRIAL**

16      Plaintiff hereby demands a jury trial on all issues

17  so triable.

18               **VIII.   PRAYER FOR RELIEF**

19      WHEREFORE, Plaintiff requests that judgment be

20  entered against Defendant for:

21      a)   Statutory damages of $1,000 for each Defendant

22           pursuant to FDCPA § 1692k;

23      b)   Actual damages in amount to be determined at

24           trial;

25      c)   Costs and reasonable attorney's fees pursuant to

                              - 7 -

§1692k; and

d)   Such other relief as may be just and proper.


DATED ___December 14, 2010___.



                              ___s/ Floyd W. Bybee___
                              Floyd W. Bybee, #012651
                              **BYBEE LAW CENTER, PLC**
                              2473 S. Higley Road
                              Suite 104-308
                              Gilbert, AZ 85295-3023
                              Office: (480) 756-8822
                              Fax: (480) 302-4186
                              floyd@bybeelaw.com

                              Attorney for Plaintiff